```
        I7jddavc

 1      UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF NEW YORK
 2      ------------------------------x

 3      UNITED STATES OF AMERICA,              New York, N.Y.

 4              v.                             S1 13 Cr. 0950-2(JMF)

 5      GARY DAVIS,

 6                  Defendant.

 7      ------------------------------x

 8
                                               July 19, 2018
 9                                             2:40 p.m.

10
        Before:
11
                         HON. JESSE M. FURMAN,
12
                                               District Judge
13

14                          APPEARANCES

15      GEOFFREY S. BERMAN
             United States Attorney for the
16           Southern District of New York
        BY:  EUN YOUNG CHOI
17           TIMOTHY TURNER HOWARD
             MICHAEL DANIEL NEFF
18               Assistant United States Attorneys

19      BAKER MARQUART LLP
             Attorneys for Defendant
20      BY:  BRIAN EDWARD KLEIN

21      BRAFMAN & ASSOCIATES, PC
             Attorneys for Defendant
22      BY:  JACOB KAPLAN

23              - also present -

24      SA Sam Shahrani, FBI
        SA Gary Alford, IRS
25
```

1        THE CLERK:  In the matter of the United States v.
2   Davis, 13 Cr. 950.
3        Counsel, state your name for the record.
4        MS. CHOI:  Good afternoon, your Honor.  Eun Choi on
5   behalf of the government.  With me at counsel is Timothy Howard
6   and Michael Neff of our offices, as well as Special Agent Sam
7   Shahrani of the FBI and Special Agent Gary Alford of the IRS.
8        THE COURT:  Good afternoon.
9        MR. KLEIN:  Good afternoon, your Honor.  Brian Klein,
10  from Baker Marquart.  With me is Jacob Kaplan from Brafman &
11  Associates.  And with us is Gary Davis, who is in custody.
12       THE COURT:  Good afternoon to you as well.
13       All right.  Mr. Davis, my name is Jessie Furman.  I am
14  a United States District Judge here in the Southern District of
15  New York and have been assigned to your case, which means that
16  I would be the judge who would preside over any trial in the
17  event that the case were to go to trial and would be the judge
18  in the event that you were convicted of any offense who would
19  impose sentence on you.
20       The purpose of today's proceeding -- counsel, you can
21  correct me if I am wrong -- is to arraign you on the charges in
22  the indictment that charges you with one count of narcotics
23  trafficking conspiracy, one count of computer hacking
24  conspiracy, and one count of conspiracy to commit money
25  laundering, and then we'll set a schedule for the case going

I7jddavc

1  forward.
2            I take it the defendant was presented before the
3  magistrate judge but not arraigned, is that correct?
4            MS. CHOI:  Yes, your Honor, last week before Judge
5  Cott.
6            THE COURT:  All right.  So is there anything to
7  discuss before I proceed to the arraignment?
8            MS. CHOI:  Not from the government's perspective, your
9  Honor.
10           THE COURT:  All right.
11           Mr. Klein?
12           MR. KLEIN:  No, your Honor.
13           THE COURT:  All right.  In that case, Mr. Davis, if
14  you would please rise.
15           Have you seen a copy of the Indictment, 13 -- S1 13
16  Crim. 950, containing the charges that I mentioned a moment
17  ago?
18           THE DEFENDANT:  Yes, I have, your Honor.
19           THE COURT:  And have you discussed it with your
20  lawyers?
21           THE DEFENDANT:  Yes, I have.
22           THE COURT:  And would you like me to read it out loud
23  or do you waive its public reading?
24           THE DEFENDANT:  I waive the public reading.
25           THE COURT:  And how do you plead at this time, guilty

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1   or not guilty?

2        THE DEFENDANT:  Not guilty.

3        THE COURT:  Thank you.

4        All right.  I should note, having just glanced at the

5   Indictment, I note that the date of the alleged conspiracy

6   is -- begins in January 2011.  I should note I think counsel

7   are aware of the fact that I was an Assistant United States

8   Attorney in this district before I took the bench and was in

9   that office until March of -- February or March of 2012.  I did

10  nothing in connection with this case or any related prosecution

11  that I am aware of.  I assume the government has no knowledge

12  to the contrary?

13       MS. CHOI:  Correct, your Honor.

14       THE COURT:  All right.  So on that basis, I have no

15  reason to believe that I would be recused from this matter,

16  but, defense counsel, if you have any reason to think otherwise

17  on that front, you can make the motion.  Any motion on that

18  issue would be due two weeks from today, and we'll set a

19  deadline for other motions in short order.

20       All right.  With that, if the government could give me

21  a little bit of background about -- I did read the Indictment

22  but if you could give me a little background about the

23  charge -- the charges against Mr. Davis and the status and

24  nature of discovery, that would be great.

25       MS. CHOI:  Yes, your Honor.  I think the basics are

1  set forth in the Indictment. But as I'm sure you are aware,
2  the office has pursued multiple prosecutions against
3  individuals who are responsible for the administration of the
4  Silk Road underground website that was on the Darknet, which
5  sold -- was a form by which individual vendors would sell a
6  variety of elicit goods, including but not limited to narcotics
7  and hacking instrumentalities. So as a result, Mr. Davis,
8  because he played a role as a customer service representative
9  as well as an individual who would deal with vendor support,
10 has been charged in the three conspiracies that your Honor just
11 arraigned the defendant on, those being the narcotics
12 trafficking conspiracy, the computer hacking conspiracy, both
13 of which arise out of the items that were sold on Silk Road, as
14 well as the money laundering conspiracy that's charged with
15 regard to the operation of the website and the proceeds
16 therefrom.
17          THE COURT: Can you just flesh out, when you say
18 "customer service representative," or whatever phrase you used
19 a moment ago, can you tell me what you mean by that?
20          MS. CHOI: Sure. He was an administrator who was
21 allegedly hired by the head of Silk Road, that being the Dread
22 Pirate Roberts, Mr. Ulbricht, who has already been convicted.
23 He was hired by Mr. Ulbricht to help with the administration of
24 specific instances of -- you know, questions that may have been
25 asked by individual vendors or in instances in which there were

1    conflicts or disputes between people purchasing items and the

2    vendor selling items on the site.  He would be one of the

3    people who would be involved in resolving those disputes.

4               THE COURT:  All right.  Can you tell me about the

5    nature and status of discovery?

6               MS. CHOI:  Yes, your Honor.  Discovery started today.

7    I think it's best to describe discovery as belonging in two

8    categories.  The first category is generally discovery that

9    relates to the existence and the operation of Silk Road, which

10   involves a variety of images of servers, of the underlying

11   website itself, meaning the actual marketplace, as well as

12   forums that were related to those servers and other devices

13   that have sort have been seized that will help establish the

14   existence and the scope of the Silk Road enterprise.  That is

15   the majority of the volume of data, I would say roughly 16

16   terabytes worth of data on that front, and as well as other

17   types of -- you know, the applications that relate to the

18   seizures of that information by the government that were --

19   search warrants and the like that were pursued by the

20   government.

21              There is another category of which that was the --

22   which we prioritized, which is the evidence that directly

23   relates to this defendant, and that includes seizures of

24   private email search warrants for accounts that he used in

25   furtherance of his operation at Silk Road as well as -- one

1     moment, your Honor.

2              (Pause)

3              As well as Facebook search warrants and the search
4     warrants and fruits of devices that were seized at the time of
5     his arrest in Ireland.  I have prioritized and produced to the
6     defense in the first instance the affidavits in support of
7     those seizures, with the understanding that defense counsel can
8     review them and start determining what, if any, motions can be
9     filed -- motions to suppress, mainly.  That local data is
10    approximately I believe on a four-terabyte drive, and there is
11    some efforts -- the government is currently underway in trying
12    to segregate out certain encrypted containers that may be on
13    those various devices but can produce the bulk of that data I
14    think over the course of the next few weeks, a month or a month
15    and a half or so, assuming that we can get the drives from
16    defense counsel to produce that data.

17             THE COURT:  All right.  And the first category -- I
18    mean, 16 terabytes is quite a bit.

19             MS. CHOI:  Yes, your Honor.

20             THE COURT:  Is there some -- do you have thoughts on
21    how defense counsel could go through that and efficiently
22    identify what is most relevant here?  I mean, I don't know to
23    what extent the trial against Mr. Ulbricht provides some sort
24    of template for that, if anything was done in that case that I
25    should consider doing here, but what are your thoughts.

1           MS. CHOI:  In all of our cases that involve this type
2     of data, we are happy to walk the defense through specific
3     items.  Obviously, there was a public trial in that case, and
4     we would assume that the establish to establish the existence
5     of Silk Road would mirror that so that we can help defense
6     counsel identify where in that corpus of data, which is well
7     indexed, where in that corpus of data they can find the things
8     that they would like to see, and we are happy to work with them
9     on that front.
10          THE COURT:  When you say "devices that were seized at
11    the time of his arrest," how many devices and what is the
12    nature of them?
13          MS. CHOI:  Your Honor, it is a fairly long list.  The
14    nature of those devices include computers, I think -- let me
15    see.  At least two computers, cellular phones, and a variety of
16    storage devices, memory sticks, DVDs and the like, and I think
17    that corpus of data is quite large.  I don't think all of it is
18    necessarily directly related to the case, but we will produce
19    all of it back and identify for defense counsel the things that
20    they should prioritize in their review.
21          THE COURT:  All right.  Two other questions.  One is
22    status of the speedy trial clock.
23          MS. CHOI:  No days have run, your Honor.  He arrived
24    in the district last Friday, and he was arraigned -- I'm sorry.
25    He was presented on that day, and there has been an exclusion

1       of time until today.

2              THE COURT:  All right.  And, second, it is not clear
3       to me -- I wouldn't think with respect to Counts One and Three
4       there would be anyone who would qualify as a victim within the
5       meaning of the Crime Victims' Rights Act, but I'm not sure
6       about Count Two.  Are there such people or entities?

7              MS. CHOI:  Your Honor, at this time we do not believe
8       that there have been any identified victims who are victims of
9       hacking software that was purchased from Silk Road with regard
10      to Count Two, but obviously if that changes we'll make sure
11      that we make the relevant notifications.

12             THE COURT:  All right.  So tell me what you would
13      propose in terms of a discovery schedule and/or ultimate
14      deadline.

15             Sorry, before you say that, I take it no post-arrest
16      statements were made?

17             MS. CHOI:  Correct, your Honor.

18             THE COURT:  OK.  So, schedule?

19             MS. CHOI:  Your Honor, I think that we will begin --
20      we will continue our production.  I would ask for a month to a
21      month and a half just so they can deal with the issue of
22      segregating out encrypted containers from the underlying
23      devices, and I just don't know at what speed we can do that but
24      we will do that expeditiously.  Obviously, your Honor, we will
25      produce all of the materials and prioritize all of the

1   materials that would form a basis for any motions in the first
2   instance so that defense counsel can start their review of
3   those items first.
4              THE COURT:  All right.  Mr. Klein, let me hear from
5   you.  My general practice -- I don't think you've appeared
6   before me before -- is to set a deadline for the filing of
7   defense motions on the basis of what you know and have heard
8   regarding discovery.  It sounds like this may be a little bit
9   more complicated than your average case so I don't know if
10  that's feasible here.  I don't know if you have any views on a
11  deadline for the production of discovery, but I would be
12  inclined to give the government until the end of August, until
13  August 31st, to produce discovery with the understanding that
14  it is to be produce on a rolling basis prioritizing the
15  evidence that directly relates to Mr. Davis.
16             I guess question A is if you have any objection to
17  that, or any views on that, and, B, your thoughts on setting a
18  motion schedule at this time or if you think it makes more
19  sense to come back shortly after that deadline or even before
20  the deadline; what are your thoughts?
21             MR. KLEIN:  Your Honor, we don't have an objection to
22  that schedule for the discovery production.
23             One thing I would just ask, if we can get the exhibits
24  from the trial sooner, I think those could be identified and
25  produced to us sooner than later.  I am talking about the trial

I7jddavc

1    of Mr. Ulbricht.

2            THE COURT:  All right.

3            MR. KLEIN:  And then as for a motion schedule, I think

4    it is premature.  20 terabytes in total approximately is a

5    tremendous amount of information and data.  I would suggest

6    that we come back like two weeks after that deadline in case

7    there are any hiccups, and that gives us time to come back and

8    then we should have a better sense of things.

9            THE COURT:  All right.  Ms. Choi, number one, I would

10   think that you have the trial exhibits somewhere and those

11   could be produced more rapidly, and I think that probably does

12   make sense and would provide a little bit of a roadmap at least

13   as to the first category of evidence.  So, is that doable?

14           MS. CHOI:  Of course, your Honor.

15           THE COURT:  Great.  So why don't you do that and

16   prioritize that as well.

17           And then I am inclined to agree that coming back in

18   mid-September after defense counsel has had some opportunity to

19   review the landscape of evidence and we'll have a better sense

20   of what it involves and timing and can talk about a deadline at

21   that point, does that make since?

22           MS. CHOI:  Yes, your Honor, we think that is prudent.

23           THE COURT:  All right.  So we will set a discovery

24   deadline of August 31st, again, with the understanding that

25   discovery will be produced on a rolling basis prioritizing both

1    the exhibits from the Ulbricht trial as well as evidence that
2    directly relates to Mr. Davis.
3            I would encourage you to talk sooner rather than later
4    about the sort of technical aspects of discovery production
5    here.  It sounds like any number of hard drives will be
6    necessary.  I'm also concerned, I want to make sure that
7    Mr. Davis has an opportunity and ability to review discovery
8    with defense counsel.  So, the government should speak with
9    defense counsel and, to the extent necessary, with whatever
10   facility he is being detained in to make sure that that is
11   feasible and doable.  And if there are any issues that you need
12   my assistance for, you certainly know how to find me.
13           Then I will have you back, let's say, Monday,
14   September 17th at 3:45.  Does that work for everybody?
15           MS. CHOI:  That works for the government, your Honor.
16           MR. KLEIN:  Your Honor, if I could ask that it be a
17   Tuesday or Wednesday or Thursday?  I fly in from the West Coast
18   and I probably need to take a red eye and I prefer not to and I
19   have a family and leave them on a Sunday.  So if that is
20   possible, to make it Tuesday or Wednesday of that week, or
21   Thursday?
22           THE COURT:  Tuesday and Wednesday don't work because
23   Wednesday is Yom Kippur, but I will honor your request and put
24   it on for Thursday at 4 p.m.  Does that work?
25           MR. KLEIN:  Yes, your Honor.  Thank you.

Case 1:13-cr-00950-JMF   Document 64   Filed 08/24/18   Page 13 of 14      13
I7jddavc

|     |                                                                  |
| --- | ---------------------------------------------------------------- |
| 1   | THE COURT:  I may be a little hungry but I'll                    |
| 2   | hopefully have eaten by then.  All right.                        |
| 3   | MS. CHOI:  Sorry, your Honor.  That is                           |
| 4   | September 20th at 4 p.m.?                                        |
| 5   | THE COURT:  Yes.                                                 |
| 6   | MS. CHOI:  OK.                                                   |
| 7   | THE COURT:  Is there an application with respect to              |
| 8   | the speedy trial clock?                                          |
| 9   | MS. CHOI:  Yes, your Honor.  The government at this              |
| 10  | time would move for an exclusion of time between now and         |
| 11  | September 20th at 4:00 so that the parties can discuss           |
| 12  | discovery and the government can continue its production and    |
| 13  | that the parties can discuss any pretrial resolution of this     |
| 14  | case.                                                            |
| 15  | THE COURT:  Any objection?                                       |
| 16  | MR. KLEIN:  No, your Honor.                                      |
| 17  | THE COURT:  I will exclude time under the Speedy Trial           |
| 18  | Act between today and September 20, 2018.  I find that the ends  |
| 19  | of justice served by excluding that time outweigh the interests  |
| 20  | of the public and the defendant in a speedy trial, to allow the  |
| 21  | government to produce discovery to the defendant, and, more      |
| 22  | importantly, to allow time for the defendant and counsel to      |
| 23  | review that discovery and begin to consider what, if any,        |
| 24  | motions he wants to file.                                        |
| 25  | Now, I have been told that there might be a bail                 |

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

I7jddavc

1   application.  I have since been told that there isn't.  I don't
2   know if that is an issue.  It looks -- Mr. Klein is shaking his
3   head that there is no such application.  To the extent that
4   there is going forward, I guess let us know.  My general
5   practice would probably be to have that handled in the first
6   instance by the magistrate judge on criminal duty just because
7   everybody is in the same place and it is sort of easy to get
8   everyone together.  All right?
9            MR. KLEIN:  Yes, your Honor.
10           THE COURT:  Very good.
11           Anything else?
12           MS. CHOI:  Not from the government, your Honor.  Thank
13  you.
14           MR. KLEIN:  Nothing from the defense, your Honor.
15           THE COURT:  All right.  In this case, we are
16  adjourned.  Thank you very much.
17           THE CLERK:  All rise.
18           (Adjourned)
19
20
21
22
23
24
25