IA5TDAVP

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                          13 CR 950 (JMF)

5   GARY DAVIS,

6              Defendant.

7   ------------------------------x

8                                         New York, N.Y.
                                          October 5, 2018
9                                         3:00 p.m.

10

    Before:
11
                       HON. JESSE M. FURMAN,
12
                                          District Judge
13

14                        APPEARANCES

15  GEOFFREY S. BERMAN
         United States Attorney for the
16       Southern District of New York
    MICHAEL NEFF
17  EUN YOUNG CHOI
         Assistant United States Attorneys
18
    BRAFMAN & ASSOCIATES
19       Attorneys for Defendant
    MARC AGNIFILO
20

21  ALSO PRESENT:  GARY ALFORD, IRS Special Agent

22

23

24

25

IA5TDAVP

1              (Case called)

2              MR. NEFF:  Good afternoon, your Honor, Michael Neff

3    and Eun Young Choi for the government, joined at counsel table

4    by IRS Special Agent Gary Alford.

5              THE COURT:  Good afternoon.

6              MR. AGNIFILO:  Good afternoon, Judge Furman, Marc

7    Agnifilo, and I'm with my client, Gary Davis, who is present in

8    the courtroom.

9              THE COURT:  Good afternoon to both of you.

10             I have been advised, Mr. Davis, you wish to change

11   your plea and enter a plea of guilty to a lesser included

12   offense of Count One of the superseding indictment, is that

13   correct?

14             THE DEFENDANT:  That's correct, your Honor.

15             THE COURT:  All right.  Before I accept your guilty

16   plea I need to ask you certain questions to ensure that you are

17   pleading guilty because you are in fact guilty and not for any

18   other reason, to ensure that you understand the rights you

19   would be giving up by pleading guilty, and to ensure that you

20   understanding the consequences of a guilty plea.  If there's

21   anything that you do not understand, please let me know so that

22   Mr. Agnifilo or I could explain it to you more fully.  And if

23   at any point you would like to speak to Mr. Agnifilo for any

24   reason, just let me know and I will give you however much time

25   wish to speak with him.  Do you understand that?

IA5TDAVP

1          THE DEFENDANT:  I do, your Honor.

2          THE COURT:  Before I proceed any further I will ask my

3    deputy to administer the oath to Mr. Davis.

4          (Defendant sworn)

5          THE COURT:  You're now under oath, which means that if

6    you answer any of my questions falsely you may be subject to

7    prosecution for the separate crime of perjury.  Do you

8    understand that?

9          THE DEFENDANT:  I do, your Honor.

10          THE COURT:  What is your full name?

11          THE DEFENDANT:  Gary Patrick Davis.

12          THE COURT:  How old are you?

13          THE DEFENDANT:  30 years old.

14          THE COURT:  How far did you go in school?

15          THE DEFENDANT:  Secondary school, which is just before

16    college.

17          THE COURT:  Where was that?

18          THE DEFENDANT:  Greystone, County of Wicklow, in

19    Ireland.

20          THE COURT:  Have you ever been treated or hospitalized

21    for any type of mental illness?

22          THE DEFENDANT:  Treated for depression.

23          THE COURT:  How recently were you treated and what

24    kind of treatment did you receive?

25          THE DEFENDANT:  I believe it was around 2016, and I

IA5TDAVP

1   was taking fluoxetine, prescribed fluoxetine.

2           THE COURT:  Is there anything about either your

3   depression or the treatment that you received that would affect

4   your ability to understand what is happening here today?

5           THE DEFENDANT:  No, your Honor.

6           THE COURT:  Are you now or have you recently been

7   under the care of a doctor or mental health professional?

8           THE DEFENDANT:  No, your Honor.

9           THE COURT:  Have you ever been treated or hospitalized

10  for any type of addiction, including drug or alcohol addiction?

11          THE DEFENDANT:  I was treated for cannabis addiction.

12          THE COURT:  Is there anything about your cannabis

13  addiction or the treatment that you have received that would

14  affect your ability to understand what is happening here today?

15          THE DEFENDANT:  No, your Honor.

16          THE COURT:  In the last 48 hours have you taken any

17  medicine, pills, drugs or had any alcohol?

18          THE DEFENDANT:  No, your Honor.

19          THE COURT:  Is your mind clear today?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Do you understand what is happening here

22  today?

23          THE DEFENDANT:  Yes, I do.

24          THE COURT:  Mr. Agnifilo, I assume you discussed this

25  matter with Mr. Davis?

IA5TDAVP

1              MR. AGNIFILO:  Yes, very much so, Judge.

2              THE COURT:  And in your judgment does he understand

3      the rights that he would be giving up by pleading guilty?

4              MR. AGNIFILO:  He does, indeed.

5              THE COURT:  In your judgment is he capable of

6      understanding the nature of today's proceedings?

7              MR. AGNIFILO:  He does.

8              THE COURT:  Do either counsel have my doubt as to the

9      defendant's competence to plead guilty at this time?

10             MR. AGNIFILO:  I believe he's competent to do so.

11             MR. NEFF:  No doubt, your Honor.

12             THE COURT:  On the basis of Mr. Davis' responses to my

13     questions, my observations of his demeanor here in court and

14     the representations of counsel, I find that he is fully

15     competent to enter an informed plea of guilty at this time.

16             Mr. Davis, have you received a copy of the superseding

17     indictment, S1 13 Crim. 950, charging you with conspiracy to

18     violate the narcotics laws and other offenses?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  And have you had enough time to review the

21     charge to which you intend to plead guilty and any possible

22     defenses to that charge with your lawyers?

23             THE DEFENDANT:  Yes, I have.

24             THE COURT:  Have your lawyers explained to you the

25     consequences of entering a guilty plea?

IA5TDAVP

1          THE DEFENDANT:  Yes, they have.

2          THE COURT:  And are you satisfied with their

3    representation of you?

4          THE DEFENDANT:  I am.

5          THE COURT:  Now I have here a written advice of rights

6    form that you appear to have signed, dated today, October 5th,

7    2018.  I will mark this as Court Exhibit 1 and provide it to

8    the government to retain this its possession after this

9    proceeding.

10         Turning to page 2 of the form, is that your signature

11   appearing there on page 2?

12         THE DEFENDANT:  Yes, it is.

13         THE COURT:  Before you signed that form, did you read

14   it?

15         THE DEFENDANT:  Yes, I did.

16         THE COURT:  Before you signed it, did you discuss it

17   with Mr. Agnifilo?

18         THE DEFENDANT:  Yes, I did.

19         THE COURT:  And did he explain it to you and answer

20   any questions that you may have had about the form before you

21   signed it?

22         THE DEFENDANT:  Yes.

23         THE COURT:  I'm going go over many of the same things

24   that are on that form with you to ensure that you understand

25   what you are doing and the consequences of what you are doing.

IA5TDAVP

1    If there's anything you don't understand, please let me know.

2              Under the Constitution and laws of the United States,

3    you have a right to plead not guilty to the charges in the

4    superseding indictment.  Do you understand that?

5              THE DEFENDANT:  I do.

6              THE COURT:  If you did plead not guilty you would be

7    entitled to a speedy and public trial by a jury on those

8    charges.  Do you understand that?

9              THE DEFENDANT:  I do.

10             THE COURT:  At that trial you would be presumed to be

11   innocent and you would not have to prove that you were

12   innocent.  Instead, the government would be required to prove

13   your guilt by competent evidence beyond a reasonable doubt

14   before a jury could find you guilty.  Do you understand that?

15             THE DEFENDANT:  I do, your Honor.

16             THE COURT:  In order to find you guilty, a jury of

17   twelve people would have to agree unanimously that you were

18   guilty.  Do you understand that?

19             THE DEFENDANT:  I do.

20             THE COURT:  At that trial and at every stage of your

21   case you would be entitled to the assistance of a lawyer, and

22   if you could not afford a lawyer, one would be appointed at

23   public expense free of cost to represent you.  Do you

24   understand that?

25             THE DEFENDANT:  I do.

IA5TDAVP

1          THE COURT:  During a trial the witnesses for the

2     government would have to come to court and testify in your

3     presence, and your lawyer would have an opportunity to

4     cross-examine those witnesses and object to any evidence

5     offered against you by the government.  You would also have an

6     opportunity to introduce evidence on your own behalf, and you

7     would have the right to have subpoenas issued or other process

8     used to compel witnesses to come to court and testify in your

9     defense.  Do you understand all that?

10          THE DEFENDANT:  I do.

11          THE COURT:  At the trial you would also have the right

12     to testify on your own behalf, but you would have the right not

13     to testify as well, and if you chose not to testify then no

14     one, including the jury, could draw any inference or suggestion

15     of guilt from the fact that you did not testify.  Do you

16     understand that?

17          THE DEFENDANT:  I do.

18          THE COURT:  Before trial you would have the right to

19     obtain certain evidence and materials from the government, if

20     you have not already received them, and you would have an

21     opportunity and right to move to exclude or suppress that

22     evidence and prevent the government from using it against you.

23     Do you understand that?

24          THE DEFENDANT:  I do.

25          THE COURT:  If you were convicted at a trial you would

9

IA5TDAVP

1   have the right to appeal that verdict and any pretrial rulings

2   that I made in connection with your case.  Do you understand

3   that?

4                THE DEFENDANT:  I do.

5                THE COURT:  If you plead guilty you will also have to

6   give up your right not to incriminate yourself because I may

7   ask you questions about what you did in order to satisfy myself

8   that you are guilty as charged, and you will have to admit and

9   acknowledge your guilt.  Do you understand that?

10               THE DEFENDANT:  Yes, your Honor.

11               THE COURT:  If you plead guilty, and if I accept your

12  guilty plea, you will give up your right to a trial and the

13  other rights that we have just discussed, other than your right

14  to a lawyer, which you keep whether or not you plead guilty.

15  But there will be no appeal with respect to whether you did or

16  did not commit the offense to which you're pleading guilty or

17  with respect to whether the government could use the evidence

18  that it has against you.  And I would enter a judgment of

19  guilty and sentence you on the basis of your plea after I have

20  considered any presentence report and whatever submissions I

21  get from your lawyer and the lawyers from the government.

22  There would be no trial, and as I said, there would be no

23  appeal on the matters that I mentioned a moment ago.

24               Do you understand all that?

25               THE DEFENDANT:  I do, your Honor.

IA5TDAVP

| | |
|---|---|
| 1 | THE COURT:  Even now as you are entering this plea you |
| 2 | have the right to change your mind, to plead not guilty and to |
| 3 | go to trial on the charges in the superseding indictment.  Do |
| 4 | you understand that? |
| 5 | THE DEFENDANT:  I do. |
| 6 | THE COURT:  Do you understand each and every one of |
| 7 | the rights that I have just explained to you? |
| 8 | THE DEFENDANT:  I do. |
| 9 | THE COURT:  And are you willing to give you up your |
| 10 | right to a trial and the other rights that we have discussed? |
| 11 | THE DEFENDANT:  I am. |
| 12 | THE COURT:  Do you understand that you are charged in |
| 13 | Count One of the indictment with participating in a conspiracy |
| 14 | to distribute or possess with the intent to distribute various |
| 15 | controlled substances, including but not limited to one |
| 16 | kilogram and more of mixtures and substances containing a |
| 17 | detectable amount of heroin, and that is in violation of Title |
| 18 | 21, United States Code, Section 846. |
| 19 | Do you understand that that is the charge in the |
| 20 | indictment itself? |
| 21 | THE DEFENDANT:  Yes, I do. |
| 22 | THE COURT:  Do you understand that the government has |
| 23 | agreed to accept a guilty plea to a lesser included offense, |
| 24 | namely conspiracy to distribute or possess with the intent to |
| 25 | distribute lesser quantities or unidentified quantities of |

IA5TDAVP

1    various controlled substances, including heroin, but that's in

2    violation of the same provision.  Do you understand that?

3             THE DEFENDANT:  Yes, Judge.

4             THE COURT:  Mr. Neff, would you please state the

5    elements of the offense to which Mr. Davis is pleading guilty?

6             MR. NEFF:  Yes, your Honor.  To prove the defendant

7    guilty of the lesser included offense to which the defendant is

8    pleading, the government would have to prove two elements

9    beyond a reasonable doubt:  First, there existed an agreement

10   between two or more people to distribute some amount of

11   narcotics, as charged here, heroin, cocaine, LSD and

12   methamphetamine; and second, the defendant personally joined

13   that conspiracy understanding the illegal objective, in other

14   words, understanding that it was about distributing these

15   drugs.

16            In addition to those two elements, the government

17   would also need to prove by a preponderance of the evidence

18   that venue is appropriate here in the Southern District of New

19   York.

20            THE COURT:  Thank you.

21            Mr. Davis, do you understand that if you were to go to

22   trial the government would have to prove each of those first

23   two elements beyond a reasonable doubt, and that venue is

24   proper here by a preponderance of the evidence, before a jury

25   could find you guilty?

IA5TDAVP

1        THE DEFENDANT:  I do.

2        THE COURT:  Let me tell you now about the maximum

3    possible penalties for this crime.  By "this crime" I mean the

4    lesser included offense to which you're pleading guilty, and by

5    "maximum" I mean the most that could possibly be imposed upon

6    you.  It doesn't mean that that is the sentence you will

7    receive, but you do have to understand that by pleading guilty

8    you are exposing yourself to a combination of punishments up to

9    the statutory maximums.  Do you understand that?

10       THE DEFENDANT:  Yes, your Honor.

11       THE COURT:  First let me tell you about the possible

12   restrictions on your liberty.  The maximum term of imprisonment

13   for this crime is 20 years, which could be followed by up to a

14   lifetime term of supervised release.  "Supervised release"

15   means that you would be subject to supervision by the probation

16   department, there would be rules of supervised release that you

17   would be required to follow, and if you violated those rules

18   you could be returned to prison to serve additional time

19   without a jury trial and without credit for the time spent on

20   your underlying sentence or time spent on post-release

21   supervision.  Do you understand that?

22       THE DEFENDANT:  Yes, I do.

23       THE COURT:  You should understand that there is no

24   parole in the federal system, which means that if you were

25   sentenced to prison you would not be released early on parole.

IA5TDAVP

1   There is an opportunity to earn credit for good behavior, but

2   if you were sentenced to prison you would have to serve at

3   least 85 percent of the time to which you were sentenced.  Do

4   you understand that?

5              THE DEFENDANT:  I do.

6              THE COURT:  In addition to those restrictions on your

7   liberty, the maximum possible punishments also includes certain

8   financial penalties:  First, the maximum allowable fine is the

9   greatest of one million dollars, twice the gross pecuniary or

10  financial gain derived from the offense or twice the gross

11  pecuniary or financial loss to someone than you as a result of

12  the offense; second, I can order restitution to any person or

13  entity injured as a result of your criminal conduct; third, I

14  can order you to forfeit all property derived from the offense

15  or used to facilitate the offense.  And on that score, I note

16  that in the plea agreement we will discuss shortly you admit to

17  forfeiture allegation with respect to Count One of the

18  indictment.  And finally, I must order a mandatory special

19  assessment of $100.

20             Do you understand that those are the maximum possible

21  penalties?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  In addition to understanding those maximum

24  penalties, you should understand that there is a mandatory

25  minimum of three years of supervised release.  That means that

IA5TDAVP

1    absent a motion by the government, I would be required to

2    impose at least a three-year term of supervised release

3    following any term of imprisonment.  Do you understand that

4    that is the mandatory minimum that applies here?

5              THE DEFENDANT:  I do.

6              THE COURT:  Are you a citizen of the United States,

7    Mr. Davis?

8              THE DEFENDANT:  I'm not.

9              THE COURT:  Do you understand that as a result of your

10   guilty plea there may be adverse affects on your immigration

11   status in this country?  For example, you may be detained by

12   the immigration authorities following the completion of any

13   criminal sentence, you may be denied admission to the United

14   States in the future, you may be denied citizenship in the

15   United States, and you may be removed or deported from the

16   United States.

17             Do you understand those are among the negative

18   immigration consequences of a guilty plea?  Do you understand

19   that?

20             THE DEFENDANT:  I do.

21             THE COURT:  Have you discussed the immigration

22   consequences of a guilty plea with your lawyers?

23             THE DEFENDANT:  I have.

24             THE COURT:  Do you understand that as a result of a

25   guilty plea you may also lose certain valuable civil rights in

IA5TDAVP

this country, to the extent that you have them or could

otherwise obtain them now, such as the right to vote, the right

to hold public office, the right to serve on a jury and the

right to possess any kind of firearm?

THE DEFENDANT:  I do.

THE COURT:  Are you serving any other sentence or

being prosecuted in any other court at this time?

THE DEFENDANT:  No, your Honor.

THE COURT:  Do you understand that if your lawyers or

anyone has attempted to predict for you what your sentence will

be in this matter that their predictions could be wrong?

THE DEFENDANT:  I do.

THE COURT:  You should understand that no one, not

your lawyers, not the lawyers from the government, no one can

give you any promise or assurance as to what your sentence will

be in this matter because your sentence will be determined by

me and by me alone.  I will not do that today.  Instead, I will

wait until I receive the presentence report prepared by the

probation department, I will do my own calculation of how the

United States Sentencing Guidelines apply to your case, I will

consider any applicable departures from the guidelines range, I

will consider the submissions by the lawyers, and I will

consider the factors set forth in a statute that governs

sentencing, Title 18, United States Code, Section 3553(a), and

I will do all that before determining and imposing an

IA5TDAVP

1    appropriate sentence.  Do you understand that?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Have you discussed the sentencing process

4    with your lawyers?

5              THE DEFENDANT:  I have.

6              THE COURT:  Even if your sentence is different from

7    what your lawyers or anyone else has told you that it might be,

8    even if it is different from what you expect or hope it to be,

9    and even if it is different from what may be in the plea

10   agreement we will discuss in one moment, you will still be

11   bound by your plea and you will not be allowed to withdraw your

12   plea.  Do you understand that?

13             THE DEFENDANT:  I do.

14             THE COURT:  Now I understand that there is a written

15   plea agreement between you and the lawyers for the government

16   as well as your lawyer, is that correct?

17             THE DEFENDANT:  That's right.

18             THE COURT:  I have the original letter plea agreement

19   here dated September 20, 2018, from Assistant U.S. Attorneys

20   Choi and Neff to your lawyers, Mr. Klein, Mr. Agnifilo and

21   Mr. Kaplan.  I will mark this as Court Exhibit 2 and provide it

22   to the government to retain in its possession after this

23   proceeding as well.

24             Turning to the last page of the plea agreement, you

25   appear to have signed this document dated today as well, and

IA5TDAVP

```
1   I'm showing that to you.  Is that your signature on the last

2   page?

3              THE DEFENDANT:  It is.

4              THE COURT:  Before you signed the plea agreement, did

5   you read it?

6              THE DEFENDANT:  Yes, I did.

7              THE COURT:  And before you signed it did you discuss

8   it with your lawyer?

9              THE DEFENDANT:  I did.

10             THE COURT:  Before you signed it did your lawyers

11  explain it to you and answer any questions that you may have

12  had about it?

13             THE DEFENDANT:  Yes, they did.

14             THE COURT:  Before you signed it, did you fully

15  understand it?

16             THE DEFENDANT:  I did.

17             THE COURT:  All right.  Mr. Neff, I see there's a

18  footnote at the end of the plea agreement indicating that the

19  agreement reflects special facts of this case is not intended

20  as precedent for other cases.  Can you just advise me so I

21  don't miss something what differences there are from sort of

22  the standard plea agreement in this district?

23             MR. NEFF:  Certainly, your Honor.  May I have one

24  moment?

25             THE COURT:  Yes.
```

IA5TDAVP

1          MR. NEFF:  Thank you.

2          (Pause)

3          MR. NEFF:  Thank you, Judge.

4          Two things.  First, the government's offer of a lesser

5   included (b)(1)(C) plea offer, notwithstanding the fact that

6   certain other defendants in the broader conspiracy were

7   convicted of the (b)(1)(A) quantities; and second, it reflects

8   the fact that the defendant was extradited from Ireland.

9          THE COURT:  All right.  Thank you.

10          Mr. Davis, one of the features of your plea agreement

11   is that you and the government have agreed upon how the United

12   States Sentencing Guidelines apply to your case, is that

13   correct?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  You should understand that that agreement

16   is binding on you and it is binding on the government but it is

17   not binding on me.  I have my own independent obligation to

18   determine the correct guidelines range.  I'm not suggesting to

19   you that I will come up with a different calculation than the

20   one to which you have agreed, but I could, and even if I did,

21   you would still be bound by your guilty plea and you would not

22   be allowed to withdraw your plea.  Do you understand that?

23          THE DEFENDANT:  Yes, your Honor.

24          THE COURT:  In addition, your plea agreement includes

25   a waiver of appeal, that is, you waive or give up your right to

IA5TDAVP

appeal or otherwise challenge any sentence that is within or
below the stipulated sentencing guidelines range of 235 to 240
months in prison.  That means that if I sentence you to 240
months imprisonment, which is the statutory maximum, or
anything less than that, you would not have any right to appeal
or otherwise challenge that sentence.  Do you understand that?

       THE DEFENDANT:  Yes, I do.

       THE COURT:  Does this written plea agreement
constitute your complete and total understanding of the entire
agreement between you and the government in this case?

       THE DEFENDANT:  It does, your Honor.

       THE COURT:  Has anything been left out of the written
plea agreement?

       THE DEFENDANT:  No, your Honor.

       THE COURT:  Other than what is written in the
agreement, has anyone made any promise to you or offered you
any inducement either to plead guilty or to sign the plea
agreement?

       THE DEFENDANT:  No, your Honor.

       THE COURT:  Has anyone threatened you or forced you to
plead guilty or to sign the plea agreement?

       THE DEFENDANT:  No, your Honor.

       THE COURT:  Has anyone made a promise to you as to
what your sentence will be in this matter?

       THE DEFENDANT:  No, your Honor.

20

IA5TDAVP

1        THE COURT:  Mr. Davis, I would like you now to tell me

2   in your own words what you did that makes you believe you are

3   guilty to crime to which you are pleading.

4        THE DEFENDANT:  Yes, your Honor.  I have a prepared

5   statement, if I could read this.

6        THE COURT:  Yes, as long as you read slowly and

7   clearly into the microphone, please.

8        THE DEFENDANT:  Thank you.  Between January of 2011

9   and October 2013 I was associated with a website called the

10  Silk Road.  My job with the Silk Road consisted primarily of

11  helping the site run smoothly and without problems.  I would

12  provide customer support to users of the site having problems

13  accessing their accounts or if they had issues with their funds

14  being credited.

15       I knew that the Silk Road facilitated the buying and

16  selling of illegal drugs, including heroin, cocaine, LSD, and

17  methamphetamines.  Additionally, I knew that by helping people

18  navigate the Silk Road site and by helping the site run

19  smoothly I was assisting in the distribution of these illegal

20  substances, and that I agreed with others to do so.

21       While I was not in the United States while I engaged

22  in this activity, I knew that these illegal substances were

23  being distributed throughout the United States, including

24  within the Southern District of New York.  I knew and admit

25  that my actions violated the drug laws of the United States.  I

IA5TDAVP

1    plead guilty to the crime of conspiracy to distribute these

2    illegal substances because I'm guilty of this crime.

3              THE COURT:  All right.  Thank you.

4              Mr. Agnifilo, do you know of any valid defense that

5    would prevail at trial or any reason that Mr. Davis should not

6    be permitted to plead guilty to the lesser included offense?

7              MR. AGNIFILO:  I do not, your Honor.

8              THE COURT:  Mr. Neff, are there any additional

9    questions that you would like me to ask of Mr. Davis?

10             MR. NEFF:  No, your Honor.

11             THE COURT:  Would you please proffer briefly what the

12   government's evidence would be and what it would show if the

13   defendant were to go to trial.

14             MR. NEFF:  Yes, your Honor.  If this matter proceeded

15   to trial the government's evidence would include, among other

16   things, exhibits introduced at the trial of Ross Ulbricht,

17   testimony from witnesses, seizures of drugs that had been

18   purchased on Silk Road, controlled buys of narcotics over Silk

19   Road.  And on that front, I would note that some of these

20   controlled buys or undercover purchases were ordered from and

21   delivered to the Southern District of New York.

22             Our evidence would also include Silk Road servers,

23   including the servers for the Silk Road marketplace, forum, and

24   the Bitcoin server.  The evidence would also include pertinent

25   materials from Ross Ulbricht's laptop, which includes chats,

IA5TDAVP

1    his journal and materials identifying his employees, including

2    Mr. Davis' passport.

3            The evidence would also include electronic search

4    warrant returns showing that aliases used on Silk Road belonged

5    to this defendant.  And finally, the evidence would include

6    this defendant's statements at a proffer session conducted

7    pursuant to a safety valve proffer agreement.

8            THE COURT:  All right.  And forgive me for one moment,

9    is there a safety valve provision in the plea agreement?

10           MR. NEFF:  There is not, your Honor.

11           THE COURT:  All right.  Then I didn't overlook it.

12           All right.  Do both counsel agree there is a

13   sufficient factual basis for a guilty plea to the lesser

14   included offense?

15           MR. NEFF:  Yes, your Honor.

16           MR. AGNIFILO:  Yes, your Honor.

17           THE COURT:  And does either counsel know of any reason

18   that I should not accept the defendant's plea of guilty?

19           MR. NEFF:  No, your Honor.

20           MR. AGNIFILO:  I know of no such reason.

21           THE COURT:  Mr. Davis, because you acknowledge that

22   you are in fact guilty as charged, or at least with respect to

23   the lesser included offense of Count One of the superseding

24   indictment, because I am satisfied that you know of your

25   rights, including your right to go to trial, that you are aware

IA5TDAVP

1    of the potential consequences of your plea, including the

2    sentence that could be imposed upon you, and because I find

3    that you are knowingly and voluntarily pleading guilty, I

4    accept your guilty plea and enter a judgment of guilty on the

5    lesser included offense to Count One.

6              The probation department will want to interview you in

7    connection with its preparation of the presentence report that

8    I mentioned earlier.  If you choose to speak with the probation

9    department, it is important that anything you say is truthful

10   and accurate.  Among other things, that report is very

11   important to me in deciding what sentence to impose upon you.

12             Before sentencing, you and your lawyers will have an

13   opportunity to review the report.  I would urge you to review

14   it with care, and if you find any mistakes in the report or

15   anything that you wish to bring to my attention in connection

16   with sentencing that you share that with your lawyers so that

17   they can bring it to my attention in the appropriate manner.

18             Do you understand all that?

19             THE DEFENDANT:  I do.  Thank you, your Honor.

20             THE COURT:  Mr. Agnifilo, do you wish to be present

21   for any interview by probation?

22             MR. AGNIFILO:  Yes.  Thank you, Judge.

23             THE COURT:  I order no interview take place unless

24   counsel is present.

25             Sentencing will be set for January 17, 2019 at 3:30 in

IA5TDAVP

1    the afternoon.  I direct the government to provide its factual

2    statement of the offense to probation within seven days.

3    Defense counsel must arrange for the defendant to be

4    interviewed by the probation department within the next two

5    weeks.

6              In accordance with my individual rules and practices,

7    any defense submissions for sentencing are due two weeks prior

8    to the sentencing date, the government's submissions are due

9    one week prior to the sentencing date.  I am guessing that you

10   will each submit substantive sentencing submissions here, but

11   in the unlikely event that you don't, you should at least file

12   a letter to that effect so that we know that we didn't overlook

13   something.

14             Anything else?

15             MR. NEFF:  No, your Honor, thank you.

16             MR. AGNIFILO:  Nothing from the defense.  Thank you,

17   your Honor.

18             THE COURT:  All right.  In that case, we are

19   adjourned.  I wish everybody a pleasant weekend.

20             MR. NEFF:  Thank you, your Honor, you too.

21             MR. AGNIFILO:  Thank you.

22             (Adjourned)

23

24

25