UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

- against -

GARY DAVIS,
    a/k/a "Libertas,"

    Defendant.

------------------------------X

ORDER OF
JUDICIAL REMOVAL

13-CR-950 (JMF)

Upon the application of the United States of America, by Michael D. Neff, Assistant United States Attorney, Southern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of Gary Davis, the defendant, and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native of the Republic of Ireland and a citizen of the Republic of Ireland.

3. The defendant was extradited and paroled into the United States on or about July 13, 2018 at John F. Kennedy International Airport in New York.

4. The defendant has been convicted in this Court of the offense of conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 841(h), and 846.

5. A maximum sentence of 20 years' imprisonment may be imposed for this offense. 21 U.S.C. § 841(b)(1)(C).

6. The defendant is subject to removal from the United States pursuant to the following provisions of law: section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act of 1952 ("INA"), as amended, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime; section 212(a)(7)(A)(i)(I) of the INA, as amended, 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act; (3) section 212(a)(2)(A)(i)(II) of the Act, as amended, 8 U.S.C. § 1182(a)(2)(A)(i)(II), as an alien who has been convicted of, or who admits having committed, or admits committing acts which constitute the essential elements of, a controlled substance violation (as defined in 21 U.S.C. § 802); and section 212(a)(2)(C) of the Act, as amended, 8 U.S.C. § 1182(a)(2)(C), as an alien whom a consular or immigration officer knows or has reason to believe is or has been an illicit trafficker in any controlled substance or who is or has been a knowing assister, abettor, conspirator, or colluder with others in the illicit trafficking in any such controlled substance.

7. The defendant has waived his right to notice and a hearing under Section 238(c) of the INA, 8 U.S.C. § 1228(c).

8. The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c), 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing, and that the defendant be ordered removed to the Republic of Ireland.

Dated: New York, New York
~~April~~ July 25, 2019

THE HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

- against -

GARY DAVIS,
    a/k/a "Libertas,"

                    Defendant.

------------------------------X

NOTICE OF INTENT TO REQUEST JUDICIAL REMOVAL

13-CR-950 (JMF)

NOTICE IS HEREBY GIVEN TO Gary Davis, and to his attorney of record, Marc Agnifilo, Esq., that upon conviction of the defendant for a violation of Title 21 United States Code, Sections 841(a)(1), 841(h), and 846, the United States of America shall request that the Court issue a Judicial Order of Removal against the defendant pursuant to Section 238(c) of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1228(c).

Dated:     New York, New York
            April 9, 2019

                                      GEOFFREY S. BERMAN
                                      United States Attorney
                                      Southern District of New York

                        By:   _____
                            Michael D. Neff
                            Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

- against -

GARY DAVIS,
    a/k/a "Libertas,"

                    Defendant.

------------------------------X

FACTUAL ALLEGATIONS
IN SUPPORT OF JUDICIAL
REMOVAL

13-CR-950 (JMF)

NOTICE IS HEREBY GIVEN TO Gary Davis, and to his attorney of record, Marc Agnifilo, Esq., that the United States of America alleges the following facts in support of the Notice of Intent to Request Judicial Removal:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native of the Republic of Ireland and a citizen of the Republic of Ireland.

3. The defendant was extradited and paroled into the United States on or about July 13, 2018 at John F. Kennedy International Airport in New York.

4. The defendant was convicted in this Court for the offense of conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 841(h), and 846.

5. A maximum sentence of 20 years' imprisonment may be imposed for this offense. 21 U.S.C. § 841(b)(1)(C).

6. The defendant is subject to removal from the United States pursuant to the following

provisions of law: section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act of 1952 ("INA"), as amended, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime; section 212(a)(7)(A)(i)(I) of the INA, as amended, 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act; section 212(a)(2)(A)(i)(II) of the Act, as amended, 8 U.S.C. § 1182(a)(2)(A)(i)(II), as an alien who has been convicted of, or who admits having committed, or admits committing acts which constitute the essential elements of, a controlled substance violation (as defined in 21 U.S.C. § 802); and section 212(a)(2)(C) of the Act, as amended, 8 U.S.C. § 1182(a)(2)(C), as an alien whom a consular or immigration officer knows or has reason to believe is or has been an illicit trafficker in any controlled substance or who is or has been a knowing assister, abettor, conspirator, or colluder with others in the illicit trafficking in any such controlled substance.

WHEREFORE, pursuant to Section 238(c) of the INA, 8 U.S.C. § 1228(c), the United States of America requests that the Court order the defendant removed from the United States to the Republic of Ireland.

Dated: New York, New York
April 9, 2019

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York

By: *[signature]*
Michael D. Neff
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------X

UNITED STATES OF AMERICA

- against -

GARY DAVIS,
   a/k/a "Libertas,"

        Defendant.

------------------X

CONCURRENCE OF UNITED
STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT

13-CR-950 (JMF)

Based upon consideration of the applicable law and the defendant's statement, I hereby concur, on behalf of United States Immigration and Customs Enforcement, in the United States Attorney's request that a judicial order of removal be granted against the defendant.

Dated:    New York, New York
         April 2, 2019

_____
Angel M. Melendez
Special Agent in Charge
U.S. Immigration and Customs Enforcement

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

- against -

GARY DAVIS,
    a/k/a "Libertas,"

               Defendant.

DEFENDANT'S PLEA
STATEMENT IN SUPPORT OF
JUDICIAL REMOVAL

13-CR-950 (JMF)

------------------------------X

      GARY DAVIS, defendant in the above-captioned criminal proceeding, hereby states as follows:

      1.    My true and correct name is Gary Davis.

      2.    I received a Notice of Intent to Request Judicial Removal ("Notice"), dated April 9, 2019. I am the person identified in that document. I hereby waive my right, pursuant to Section 238(c)(2)(A) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1228(c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

      3.    I received the Factual Allegations in Support of Judicial Removal ("Allegations"), dated April 9, 2019. I hereby waive my right, pursuant to Section 238(c)(2)(B) of the INA, 8 U.S.C. § 1228(c)(2)(B), to have the allegations served 30 days prior to sentencing.

      4.    My rights in a judicial removal proceeding have been fully explained to me by my attorney. After consultation with counsel and understanding the legal consequences of doing so, I knowingly and voluntarily waive the right to the notice and hearing provided for in Section

238(c)(2) of the INA, 8 U.S.C. § 1228(c)(2), and further waive any and all rights to appeal, reopen, reconsider, or otherwise challenge this order. I understand the rights I would possess in a contested administrative proceeding and I waive these rights, including my right to examine the evidence against me, present evidence on my own behalf, and cross-examine witnesses presented by the United States. I understand these rights and waive further explanation by the Court.

5. I hereby admit that all the factual allegations set forth in the Allegations are true and correct as written.

6. I hereby concede that I am removable from the United States pursuant to section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act of 1952 ("INA"), as amended, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime. I further concede that I am removable from the United States pursuant to section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act of 1952 ("INA"), as amended, 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act. I further concede that I am removable from the United States pursuant to section 212(a)(2)(A)(i)(II) of the Act, as amended, 8 U.S.C. § 1182(a)(2)(A)(i)(II), as an alien who has been convicted of a controlled substance violation as defined in 21 U.S.C. § 802. I further concede that I am removable from the United States pursuant to section 212(a)(2)(C) of the Act, as amended, 8 U.S.C. § 1182(a)(2)(C), as an alien whom a consular or immigration officer knows or has reason to believe is or has been an illicit trafficker in any controlled substance or who is or has been a knowing assister, abettor, conspirator, or colluder with others in the illicit trafficking in any such controlled substance.

7. I hereby waive any and all rights I may have to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17, cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under Sections 212(h) and 212(i) of the INA, 8 U.S.C. §§ 1182(h), 1182(i); visa petitions; consular processing; voluntary departure or any other possible relief or protection from removal available under the Constitution, laws or treaty obligations of the United States.

8. I agree to the entry of a stipulated judicial order of removal pursuant to Section 238(c)(5) of the INA, 8 U.S.C. § 1228(c)(5). I acknowledge that I have not been persecuted in, and have no present fear of persecution in, the Republic of Ireland, the country of my nativity and citizenship. I further acknowledge that I have not been tortured in, and have no present fear of torture in, the Republic of Ireland, the country of my nativity and citizenship.

9. I consent to the introduction of this statement as an exhibit in the record of these judicial removal proceedings. I further agree to make the judicial order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

10. I agree to assist U.S. Immigration and Customs Enforcement ("ICE") in the execution of my removal. Specifically, I agree to assist ICE in the procurement of any travel, identity, or any other documents necessary for my removal; to meet with and to cooperate with

representatives of any country to which I may by statute be removed if ICE so requests; and to execute any forms, applications, or waivers needed to execute or expedite my removal. I further understand that my failure or refusal to assist ICE in the execution of my removal may subject me to criminal penalties under Section 243 of the INA, 8 U.S.C. § 1253.

11. I concede that the entry of this judicial order of removal renders me permanently inadmissible to the United States. I agree that I will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. Government.

12. I will accept a written Order issued by this Court for my removal from the United States to the Republic of Ireland, and I waive any and all rights to challenge any provision of this agreement in any U.S. or foreign court or tribunal.

07/25/19
Date

Defendant's Signature

7/25/19
Date

Attorney for the Defendant